# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | HARRY D. LEINENWEBER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1708 | **DATE** | October 19, 2000 |
| **CASE TITLE** | Anthony Flowers v. Ernesto Velasco, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendants' motion to dismiss is granted with prejudice in regard to plaintiff's claim concerning his conditions of confinement and granted without prejudice in regard to plaintiff's claim of deliberate indifference to his serious medical needs. Defendants Velasco and Edwards are dismissed from this action. The official capacity claims against defendant Cochran are dismissed but he remains in this action in his individual capacity. Plaintiff is given 30 days to submit an amended complaint. If he does not submit an amended complaint, this action will be dismissed in its entirety with prejudice. The clerk is directed to send plaintiff one copy of the civil rights complaint form and instructions along with a copy of this order.

(11) ■ [For further detail see attached order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | OCT 2 4 2000 date docketed | |
| X | Docketing to mail notices. | | 13 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| CLH | courtroom deputy's initials | FILED FOR DOCKETING 00 OCT 18 PM 3:26 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY FLOWERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 00 C 1708 |
| ) | |
| ERNESTO VELASCO, et al., ) | JUDGE LEINENWEBER |
| ) | |
| Defendants. ) | |

**DOCKETED**
**OCT 2 4 2000**

**MEMORANDUM OPINION AND ORDER**

Anthony Flowers, currently an inmate in the Vienna Correctional Center, brings this *pro se* action against defendants Ernesto Velasco, the Executive Director of the Cook County Department of Corrections; James Edwards, superintendent of Division 9 of the Cook County Jail; and Sgt. Cochran, a correctional officer at the Cook County Jail. Defendants have filed a motion to dismiss. Flowers has requested several extensions of time to respond, which the court granted. However, when granting the last extension on August 9, 2000, the court stated that if Flowers did not respond by September 14, 2000, no further extensions would be given and the court would rule without benefit of plaintiff's views. To date, Flowers has not filed a response to the motion to dismiss.

**I. Standard of Review on a Motion to Dismiss**

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. *Gibson v. Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal notice pleading requires only that the plaintiff "set out in her complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim." *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th

/3

Cir. 1999). When ruling on a motion to dismiss, the court assumes that well-pleaded allegations are true and draws all reasonable inferences in the light most favorable to the plaintiff. *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999), *cert. denied*, 120 S. Ct.2691 (2000). This rule has particular force when considering the allegations of a *pro se* complaint, which are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Accordingly, *pro se* complaints are to be liberally construed." *Wilson v. Civil Town of Clayton, Ind.*, 839 F.2d 375, 378 (7th Cir. 1988). However, while it is often said that a claim may be dismissed only if, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (*quoting Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)), the Seventh Circuit has observed that this maxim "has never been taken literally." *Kyle v. Morten High School*, 144 F.3d 448, 455 (7th Cir. 1998) (*quoting Sutliff, Inc. v. Donovan Companies, Inc.*, 727 F.2d 648, 654 (7th Cir. 1984)). All plaintiffs – whether *pro se* or represented – must include in the complaint allegations concerning all material elements necessary for recovery under the relevant legal theory. *Chowla v. Klapper*, 743 F. Supp. 1284, 1285 (N.D. Ill. 1990).

## II. Facts

Flowers was arrested on November 27, 1999, for disorderly conduct and taken to the Cook County Jail because of outstanding warrants. On arriving at Division 9, he was put in a cell that already held two other inmates. Flowers was forced to sleep on the floor next to a leaking toilet from November 27, 1999, until December 17, 1999. His back still hurts and he was subjected to rodents, roaches and spiders, and he is still bothered by recurring dreams about the deplorable conditions.

Flowers is currently disabled because he has "Hidetitis Suppeativa." He was supposed to have received two treatments a day for this condition. However, when the guards brought him down for the treatments, Sgt. Cochran would send him back without the treatments. This occurred during the entire time that Flowers was at the Jail. However, he did receive antibiotics for the bug bites.

### III. Analysis

Defendants argue first that Flowers did not exhaust the administrative remedies available to him at Cook County Jail.

Under 42 U.S.C. § 1997e(a), the court is directed to dismiss a suit brought with respect to prison conditions if the court determines that plaintiff has failed to exhaust his administrative remedies. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir. 1999). The exhaustion requirement was further explained in *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999), which stated:

> [I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim. The potential effectiveness of an administrative response bears no relationship to the statutory requirement that prisoners first attempt to obtain relief through administrative procedures.

As defendants point out, Flowers makes no mention of filing a grievance while he was at Cook County Jail. Flowers, however, was in Cook County Jail for about three weeks before he was transferred to the Illinois Department of Corrections. The Cook County Jail grievance procedure is not now available to Flowers because of his present custodial status with the Illinois Department of Corrections nor was it available to him on March 20, 2000, the date on which the court received this complaint, because Flowers had already been transferred to IDOC. Given the narrow window of time in which Flowers could have filed a grievance and given that any grievance he might have filed would

have been aborted on his transfer from county to state custody, the court concludes that in this specific situation, this action should not be dismissed for plaintiff's failure to exhaust his administrative remedies. In effect, no administrative remedy was available to Flowers.

The court now turns to the substance of Flowers's complaint. Flowers has made essentially two claims: first, that his conditions of confinement violated the Constitution and, second, that defendants were deliberately indifferent to his serious medical needs.[1]

## A. Conditions of Confinement

To prove a violation of the prohibition against conditions that amount to punishment of a pretrial detainee, both an objective and a subjective prong must be met. *Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991). The objective prong asks whether the deprivation was sufficiently serious and looks to the conditions themselves. *Id.* at 298. The subjective prong is met if a prison official acts with deliberate indifference. *Id.* at 303.

Flowers alleges that he slept on the floor at Cook County Jail for about three weeks. In order to state a conditions of confinement claim of constitutional significance, the challenged condition must amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The standard for determining punishment is similar whether considered in the context of the Due Process Clause or the Eighth Amendment. *Salazar v. City of Chicago*, 940 F.2d 233, 239-240 (7th Cir. 1991). Punishment requires something more than routine discomfort. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981).

---

[1]As a pretrial detainee, only the Due Process Clause of the Fourteenth Amendment is applicable to Flowers. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1427 (7th Cir. 1996); *Anderson v. Gutschenritter*, 836 F.2d 346, 348-49 (7th Cir. 1988). However, the standard for analyzing a pretrial detainee's Fourteenth Amendment Due Process Claim is identical to the standard employed to judge a convicted inmate's Eighth Amendment cruel and unusual punishment claim. *Shelby County Jail Inmates v. Westlake*, 798 F.2d 1085, 1094 (7th Cir. 1986).

Punishment in the constitutional sense requires allegations of extreme deprivations over an extended period of time. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992); *Bell* at 542. Being assigned to sleep on the floor is not itself enough to give rise to an arguable due process claim of punishment. *Hines v. Sheahan*, 845 F.Supp. 1265, 1269 (N.D. Ill. 1994); *Powell v. Cook County Jail*, 815 F.Supp. 757, 759 (N.D. Ill 1993). Given the short period of time during which Flowers slept on the floor, even though he claims that his back still hurts from this experience, the court finds that this claim does not rise to the level of a constitutional violation. The court accordingly grants with prejudice defendants' motion to dismiss as to Flowers's claim that he had to sleep on the floor.[2]

**B. Deliberate Indifference to Serious Medical Needs**

In order to state a Section 1983 claim for denial of medical care, an inmate must allege deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Allegations of mere negligence or inadvertence in the diagnosis or treatment of a medical condition will not suffice. *Id.* at 105-06. In *Farmer v. Brennan*, 511 U.S. 825, 837 (1994), the Supreme Court explained that a prison official acts with deliberate indifference when "the official knows of and disregards an excessive risk to inmate health or safety."

The Seventh Circuit recently has reaffirmed that deliberate indifference "involves a two-part test": (1) an objective component, which looks to whether the medical condition was serious, and (2) a subjective component, which looks to whether the defendants were deliberately indifferent to a serious medical need. *Sherrod v. Lingle*, 223 F.3d 605, 610(7th Cir. 2000). To act with deliberate indifference, defendants "must 'want harm to come to the prisoner,' or, at least, must possess 'total

---

[2]Defendants also argued that they have qualified immunity in regard to Flowers's conditions claim. Because the court has determined that Flowers has not stated a claim in regard to his conditions of confinement, the court does not need to address this argument.

unconcern for a prisoner's welfare' in the face of 'serious risks.'" *Duane v. Lane*, 959 F.2d 673, 676 (7th Cir. 1992) (*quoting McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991), *cert. denied*, 503 U.S. 907 (1992).

With these principles in mind, the court examines the claim that Sgt. Cochran did not allow Flowers to go for his treatments for "Hidetitis Suppeativa." The court has perused several medical dictionaries and encyclopedias and has not found "Hidetitis Suppeativa." The court did find "Hidradenitis Suppurativa," which is an inflammation of the apocrine sweat glands, usually of the armpits, associated with the formation of pus. It is a chronic condition often marked by the formation of abscesses and sinuses. *See* 3 J.E. Schmidt, M.D., Attorneys' Dictionary of Medicine and Word Finder, p. H-130 (1999).

Although this condition sounds uncomfortable, the court finds it difficult to perceive how it can be disabling or even a serious medical condition. Flowers also does not convey in his complaint the nature of the treatments or how missing these treatments may have affected his health. The court accordingly grants defendants' motion to dismiss on this claim as to the complaint on file. However, this dismissal is without prejudice because an amended complaint may cure these deficiencies. Flowers is directed to submit an amended complaint describing what "serious" medical condition afflicted him, what treatment was necessary, who denied him the needed medical care or access to treatment, and how this affected his condition.

Because Flowers may be able to cure the deficiencies of his original complaint, the court now turns to defendants' argument that none of the named defendants may be held liable in either their individual or official capacities.

Individuals cannot be held liable in a Section 1983 action unless they caused or participated in the alleged constitutional deprivation. *Vance v. Washington*, 97 F.3d 987, 991 (7th Cir. 1996), *cert. denied*, 520 U.S. 1230 (1997); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995); *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986) (*citing Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983)). Supervisors and others in authority also cannot be held liable for any alleged wrongdoing on the part of subordinates pursuant to the doctrine of *respondeat superior* because that doctrine does not apply to § 1983 actions. *See Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992); *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988).

It is clear from the complaint that neither defendants Velasco nor Edwards was involved in refusing to allow Flowers to go to his treatments for "Hidetitis Suppeativa." They are accordingly dismissed from this action in their individual capacities. Sgt. Cochran, however, who was the correctional officer who allegedly refused to permit Flowers to go for these treatments, remains in this action in his individual capacity.

Actions brought against governmental employees in their official capacities are actually claims against the governmental entity for which they work. *Kentucky v. Graham*, 473 U.S. 159, 167 (1985). A local governmental entity is liable for damages only if a plaintiff can show that the alleged constitutional deprivation occurred as a result of an official policy, custom or practice. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 694 (1978).

There are no allegations in this complaint that Sgt. Cochran's refusal to allow Flowers to go for these treatments was a result of some kind of official policy, custom, or practice. The complaint is accordingly dismissed as to all defendants insofar as they are sued in their official capacities.

## IV. Conclusion

For the foregoing reasons, defendants' motion to dismiss is granted with prejudice in regard to Flowers's claim concerning his conditions of confinement and granted without prejudice in regard to Flowers's claim of deliberate indifference to his serious medical needs. Defendants Ernesto Velasco and James Edwards are dismissed from this action in both their official and individual capacities. The official capacity claims against defendant Sgt. Cochran are dismissed. However, Sgt. Cochran remains in this action in his individual capacity.

Flowers is given 30 days from the date of this Memorandum Opinion and Order to submit an amended complaint. The amended complaint must be on the forms required under Local Rule 81.1 of this Court. Flowers must write both the case number and the judge's name on the complaint and return the originally filled out and signed form and a copy for the judge to the Prisoner Correspondent. Flowers is advised to keep a copy for his files. The copies of his complaint may either be exact duplicates of the original (that is, photocopied from the original) or conformed copies of the original (that is, typed or hand written word for word from the original). If Flowers chooses to make conformed copies then he may request more copies of the amended complaint form from the Prisoner Correspondent.

The amended complaint replaces or supersedes the original complaint. In other words, after Flowers files an amended complaint, the court no longer considers the original complaint. Therefore, Flowers **must make sure to list all his defendants in the caption on the first page of the complaint. He must also include in his amended complaint all allegations he wants the court to consider.** However, in accordance with this opinion, Flowers may not replead his allegation as to his conditions of confinement. This amended complaint should concern only

Flowers's claim that Sgt. Cochran acted with deliberate indifference to his serious medical needs. Flowers must also serve a copy of the amended complaint on Assistant State's Attorney David Adelman.

The Clerk is directed to send Flowers one copy of the civil rights complaint form and instructions for filing along with a copy of this order.

If Flowers does not submit an amended complaint within 30 days of the date of this Memorandum Opinion and Order, this action will be dismissed in its entirety, with prejudice.

IT IS SO ORDERED.

HARRY D. LEINENWEBER, Judge

United States District Court

DATED: October 19, 2000